ITHAMAR H. SMITH *vs.* GEORGE BARTHOLOMEW & another.

A promise, by the holder of a joint and several note, to one of the makers who had made part payment thereof, that he would look to the other maker for payment of what remained due thereon, is without consideration, and furnishes no defence to an action against the maker, to whom such promise was made, to recover the remainder of the note.

ASSUMPSIT upon a promissory note dated June 18, 1831, by which the defendants, George and Harry Bartholomew, jointly

and severally promised to pay Wyllis Bartholomew, or bearer, $40 by the 1st of April then next, with interest.

George Bartholomew was defaulted, and the action was defended by Harry Bartholomew.

At the trial, in the court of common pleas, before *Warren*, J. it was proved or admitted that on the 26th of June, 1837, said note was in the hands of the payee, and that he, on that day, executed and delivered to said Harry Bartholomew the following instrument : " This may certify that I, the subscriber, hold a note of the sum of forty dollars against Harry Bartholomew and George Bartholomew, which is indorsed down to twenty-nine dollars. What is paid on said note has been paid by said Harry., and I agree to look to George Bartholomew for what there is now due on the said note, with the assistance of Harry to state how the business has been transacted since the note has been given. Wyllis Bartholomew."

It was also proved or admitted that the note referred to in said instrument was the note now in suit.

The judge instructed the jury that these facts did not constitute a sufficient defence to the action, and a verdict was returned for the plaintiff. To this instruction the defendant alleged exceptions which were allowed by the judge

*Byington*, for H. Bartholomew.

*Sumner*, for the plaintiff.

WILDE, J. We do not think it necessary to decide, in the present case, whether the agreement on which the defendant, Harry Bartholomew relies, would, if valid and on a good consideration, be a legal defence, as we are of opinion that it is not valid and obligatory, not being sustained by a sufficient consideration.

It appears by the agreement that a part of the note, but not a moiety, had been paid before the agreement, by the said Harry. But this was only part payment of his own debt, and is not a sufficient consideration to support a promise to discharge him from the payment of the residue. The consideration, if any, was past, and the case of *Gleason* v. *Dyke*, 22 Pick. 390, cited by the defendant's counsel, is not applicable. In that case, the

plaintiff had paid the defendant's note, though not at his request : But he afterwards ratified the payment, and promised to pay the amount ; and it was held that the ratification was equivalent to a previous request. And on another ground the promise in that case was held to be binding. In the present case, the consideration, whether past or present, is insufficient to sustain the agreement. No meritorious consideration requiring a recompense appears ; and if the payment by the defendant, Harry, had been made at the time of the promise, the consideration would not be sufficient to support it. In the case of *Steinman* v. *Magnus*, 11 East, 390, there was an agreement, by the plaintiff and other creditors of the defendant, to compound their claims against him, the defendant to give security for half the composition, the plaintiff agreeing to receive the same in full satisfaction of his demand. This agreement was held binding on the plaintiff, on the ground that the plaintiff's suing the debtor, after having received the composition, was a fraud upon the surety and other creditors. This case, therefore, was distinguished from *Fitch* v. *Sutton*, 5 East, 230 ; *Heathcote* v. *Crookshanks*, 2 T. R. 24, and other cases, in which it had been decided that an agreement, not being by deed, to accept a less in satisfaction of a greater sum than was due, was not binding. In *Parker* v. *Baylis*, 2 Bos. & Pul. 73, it was decided that the laying out of money by the plaintiff, merely for his own benefit, though done at the defendant's request, cannot be a consideration to support a promise by the defendant ; and the same principle is applicable to the present case.

The payment of a debt by a debtor, the same being due and payable, is not a sufficient consideration to support a promise. It is not considered as any detriment to the debtor, or benefit to the creditor. The one pays only what he was bound to pay, and the other receives no more than his just debt. Such a consideration is merely nominal and insignificant, and is deemed in law no consideration at all. Whatever, therefore, may be the construction of the plaintiff's agreement with Harry Bartholomew, it cannot discharge him from his liability in this action.

*Judgment of the court of common pleas affirmed.*